IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Boards of Trustees of the
Ohio Laborers Benefits**,

        Plaintiffs,

v.

**Bare's Fence Company LLC**,

        Defendants.

Case No: 2:22-cv-2642

Judge Graham

Magistrate Judge Jolson

**OPINION AND ORDER**

This matter is before the court on the Motion for Default Judgment by Plaintiffs Boards of Trustees of the Ohio Laborers Benefits against Defendant Bare's Fence Company LLC. (ECF No. 11.) The complaint alleges that the Defendant has breached the Agreements and Declarations of Trust under which they were obligated to make timely contributions to various benefit plans run by Plaintiffs. (ECF No. 1.) Plaintiffs seek monetary damages, including unpaid benefit contributions, liquidated damages, interest to date, and attorneys' fees and costs as well as injunctive relief. Defendant was served with the complaint and has failed to plead or otherwise defend in this action. The Clerk made an entry of default. *See* Fed. R. Civ. P 55(a). Defendant was served with the current Motion for Default Judgment.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts plaintiff's well-pled allegations as to a defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a sufficient basis exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted).

Employers violate 29 U.S.C. § 185 when they breach the terms of a collective bargaining agreement. The elements of a breach of collective bargaining agreement claim mirror the standard breach of contract elements, and Plaintiffs must prove that they are entitled to enforce the collective bargaining agreement as third-party beneficiaries. *Anderson v. AT&T Corp.*, 147 F.3d 467, 473

1

(6th Cir. 1998). Additionally, 29 U.S.C. § 1145 empowers trustees of union employee benefit plans to sue employers in federal court to enforce the terms of contractual agreements when employers are not timely paying into the benefit plan on behalf of their employees. *Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546, 108 S. Ct. 830, 834 (1988).

The complaint alleges that Defendant entered into a collective bargaining agreement with Laborers' Local Union No. 639, which incorporates a Trust Agreement by reference. As a part of the agreement, the Defendant agreed to pay contributions to the plan on behalf of its employees in exchange for benefits for Defendant's employees. The complaint alleges that Defendant failed to make the necessary contributions to the benefit plan for the months of March 2019 through August 2021. Additionally, the complaint alleges that Plaintiffs have demanded payment of these contributions from Defendant, but Defendant has not remitted the payments.

The Court finds that the allegations sufficiently allege that Plaintiffs are third-party beneficiaries entitled to enforce the collective bargaining agreement. Additionally, the Court finds that these allegations set forth a sufficient basis to sustain a claim for breach of the collective bargaining agreement in violation of 29 U.S.C. § 185 as well as a violation of 29 U.S.C. § 1145, and that Plaintiffs are therefore entitled to default judgment under Rule 55(b).

Turning to damages, the Court may enter an award without a hearing when "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Additionally, once a Defendant is liable under 29 U.S.C. § 1145, it is mandatory that the district court award the damages. *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Blaze Constr., Inc.*, No. 2:01-CV-1068, 2002 U.S. Dist. LEXIS 26629, at *16 (S.D. Ohio Dec. 11, 2002) (citing 29 U.S.C. § 1132(g)(2)).

Regardless of the mandatory provision, the Defendant is bound to pay damages based on the Trust Agreement. Defendant agreed to pay 10% in liquidated damages, 1% interest monthly on late contributions, attorneys' fees, and costs to Plaintiffs for Plaintiffs to enforce their rights. The Declaration of Plaintiffs' Communications/Contract Relations Manager establishes that Defendant failed to make timely contributions totaling $13,258.58. (ECF No. 11-1 at PAGEID 40.) The Declaration also establishes that Defendant owes $2,383.76 in liquidated damages, and $6,117.99 in interest to date, but the Court is unclear on how it arrived at these figures.

Plaintiffs also seek an award of attorneys' fees of $3585.50. Plaintiffs haves provided evidentiary support that the number of hours billed, as well as the hourly rate charged, are reasonable. (ECF No. 11-5 at PAGEID 122.) Plaintiffs also seek $409.33 in costs for filing fees and postage. (*Id.*) The Court finds that these expenses are reasonable.

Therefore, the court finds that such damages are a sum that can be made certain by computation. Plaintiffs' motion for default judgment (ECF No. 11) is **GRANTED**. However, to allow the Court to arrive at a sum certain, Plaintiffs shall submit evidence of their liquidated damages and interest to date calculations by September 1, 2023.

**IT IS SO ORDERED**.

DATE: August 11, 2023

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge